UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES A. ANTHONY, )<br>)<br>Plaintiff ) <br>) <br>v. ) <br>) <br>HOULTON POLICE ) <br>DEPARTMENT et al., ) <br>) <br>Defendants ) | No. 1:23-cv-00016-NT |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Plaintiff James A. Anthony sues the Houlton Police Department and two police officers, Travis Smith and unknown Officer #2, for violations of his federal Fourth and Fifth Amendment rights and the Privacy Act of 1974, as well as unspecified torts, stemming from their failure to return or safeguard his cell phone after arresting him on October 22, 2022. *See* Complaint (ECF No. 1). He also requests that an attorney be appointed to represent him in this matter. *See id.* at Page ID # 5; Summary Sheet (ECF No. 1-1) at Page ID #7. Having granted Anthony's application to proceed *in forma pauperis*, *see* Order (ECF No. 6), his complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I deny Anthony's request for the appointment of an attorney and recommend that the Court dismiss the complaint.[1]

---

[1] Anthony filed two other complaints in this Court on the same day that have also been referred to me for section 1915 review, *Anthony v. Aroostook County Sheriff's Department*, No. 1:23-cv-00017-NT, and *Anthony v. Aroostook County Jail*, No. 1:23-cv-00018-NT.

## I. Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II. Allegations

Anthony alleges the following facts. On the evening of October 22, 2022, while he was handcuffed in a police cruiser, the Houlton Police Department knowingly gave his phone to a carful of drug addicts without his permission. Complaint (ECF No. 1) at Page ID # 4. Officer #2 gave him his phone, which was ringing. *Id*. After Anthony

ended the call, the officer placed his phone, along with some of his other belongings from the search, on the hood of the car in which Anthony had been riding. *Id*. The officers neither gave Anthony his phone nor asked what they should do with it. *Id*. The phone was never returned, and people in the car knew Anthony's password. *Id*. As a result, in addition to having had severe insomnia, Anthony has now been diagnosed with severe anxiety and depression and suicidal thoughts, and his image and character have been injured. *Id*. at Page ID # 5.

Anthony seeks relief in the form of speedy court dates, a keep-away order to the Houlton Police Department during this litigation, damages of $500,000, punishment of the police officers, and the return of his phone. *Id*.

### III. Discussion

**A. Civil Rights Violations (Fourth, Fifth Amendments)**

"The Fourth Amendment of the U.S. Constitution protects the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *United States v. John*, 59 F.4th 44, 48 (1st Cir. 2023) (cleaned up). Thus, "[i]n order to succeed on [a] Fourth Amendment claim arising from the seizure of [a] cell phone, [a plaintiff] must show that (1) Defendants seized his property, and (2) that the seizure was unreasonable." *Gold v. Poccia*, No. 17-104WES, 2018 WL 5288729, at *5 (D.R.I. June 29, 2018) (rec. dec.), *aff'd*, 2018 WL 4521940 (D.R.I. Sept. 21, 2018).

To the extent that one or both officers "seized" Anthony's cell phone, that was a permissible seizure incident to his arrest. *See, e.g., United States v. Olivera-Rivera*,

Criminal No. 21-12 (DRD), 2022 WL 3334607, at *9 (D.P.R. Aug. 12, 2022) ("Ordinarily, a cellphone may be seized incident to an arrest, but a warrant is required in order to search it."). Anthony does not allege that either officer searched his cell phone. That one of the officers left the phone on the hood of the car, rendering it accessible to search by the car's passengers, is not a Fourth Amendment violation. *See, e.g.*, *United States v. Silva*, 554 F.3d 13, 18 (1st Cir. 2009) ("The Fourth Amendment's protection against unreasonable searches and seizures applies only to government action and not to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government.") (cleaned up).

"The Due Process Clause of the Fifth Amendment provides that no person shall be deprived of life, liberty, or property, without due process of law." *Martínez-Rivera v. Sánchez Ramos*, 498 F.3d 3, 8-9 (1st Cir. 2007) (cleaned up). However, the "Fifth Amendment Due Process Clause . . . applies only to actions of the federal government—not to those of state or local governments." *Id*. (cleaned up). Anthony, accordingly, cannot state a Fifth Amendment claim against the Houlton Police Department and two of its police officers.

### B. Violation of Privacy Act of 1974

The Privacy Act of 1974 "generally prohibits disclosure of personal records without the individual's written consent." *Fed. Labor Relations Auth. v. U.S. Dep't of Navy*, 941 F.2d 49, 55 (1st Cir. 1991). However, the Privacy Act authorizes civil actions in federal district courts only against federal agencies. *See, e.g., Neptune v. Nicholas*, No. 1:17-cv-88-GZS, 2017 WL 1102716, at *2 (D. Me. Mar. 24, 2017), *aff'd,*

2017 WL 1377918 (D. Me. Apr. 14, 2017). Anthony, hence, cannot state a Privacy Act claim against the Houlton Police Department or the two officers who effectuated his arrest.

### C. Tort Claims

Anthony finally brings claims against the Defendants pursuant to unspecified Maine tort/common law theories. *See* Complaint at Page ID # 3. Because he fails to state a federal claim, the Court should decline to exercise supplemental jurisdiction over any state law claims. *See, e.g.*, *Zell v. Ricci*, 957 F.3d 1, 15 (1st Cir. 2020) (noting that it is generally an abuse of discretion to retain supplemental jurisdiction over state law claims when all federal claims have been dismissed early in a case).

### D. Request to Appoint an Attorney

There is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Rather, an indigent pro se litigant is entitled to appointed counsel in a civil case only if he can demonstrate that "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." *Id.* "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* at 24.

For the reasons discussed above, Anthony fails to make any showing that a denial of his request for the appointment of an attorney would likely result in

fundamental unfairness impinging on his due process rights. Accordingly, I deny that request.

## IV. Conclusion

For the foregoing reasons, I **DENY** Anthony's request for the appointment of an attorney and recommend that the Court **DISMISS** his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: April 6, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge